(January 21, 1983)

■ In the Matter of CHARLES S. RONDER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. ▬ Respondent was admitted to the Bar by this court on November 17, 1955. On May 7, 1980 he was convicted in the United States District Court for the Northern District of New York, after a jury trial, of the crimes of conspiracy to make and file false corporate income tax returns for the years 1971-1973 in violation of section 371 of title 18 of the United States Code, and of aiding and assisting in the filing of a false corporate income tax return for the year 1973 in violation of title 26 (§ 7206, subd [2]) of the United States Code. The imposition of sentence was suspended on each count and respondent was placed on probation for one year and fined $15,000. The crimes of which respondent was convicted each constituted serious crimes under section 90 (subd 4, par d) of the Judiciary Law. Accordingly, on June 4, 1980, we suspended respondent from the practice of law until further order, pursuant to section 90 (subd 4, par f) of the Judiciary Law. At that time respondent maintained an office for the practice of law in Kingston, Ulster County. On February 2, 1981 the United States Court of Appeals for the Second Circuit reversed respondent's conviction and remanded the matter for a new trial. (*United States v Ronder*, 639 F2d 931.) Following remand to the District Court, on October 28, 1981 respondent was convicted, upon his plea of guilty, of the misdemeanor of violating section 7207 of title 26 and section 2 of title 18 of the United States Code, in that he willfully and knowingly aided another to deliver to the Internal Revenue Service a corporate income tax return for calendar year 1971, which return was known by respondent and the person he aided to be fraudulent. Respondent was sentenced to probation for one year and fined $1,000. The outstanding felony indictment was withdrawn by the United States Attorney. In this disciplinary proceeding, respondent moves to confirm in part and to disaffirm in part the report of the referee to whom the issues were referred. Petitioner cross-moves to confirm the findings favorable to it and to disaffirm those that are unfavorable. The petition contains three charges. The referee sustained two of the charges, finding that respondent, in violation of DR 1-102 (A) (4) and (5), was convicted in Federal court of aiding and abetting another to file a false income tax return for a corporation (Charge No. I); and that respondent misled and deceived the attorneys retained to · represent the president of the corporation by initially stating that he had no knowledge of the false entries made in the financial records of the corporation, and later admitting that he had known of such entries (Charge No. II). He refused to sustain the charge that respondent, with intent to defraud the United States Government, caused false entries to be made in the financial records of the corporation (Charge No. III). The record supports the referee's findings and they are confirmed in all respects. In determining an appropriate sanction for respondent's misconduct, we note in partial mitigation that he did not receive any pecuniary gain from his participation in an alleged scheme to reduce the tax liability of one of his corporate clients. In addition, we have taken into consideration his otherwise unblemished record as a member of the Bar, the testimony as to his good character and the fact that he has been a

leader in the community life of his city and county. Finally, we note that he has already been suspended for a period of two years and seven months pursuant to our order of June 4, 1980. Under the circumstances, we determine that respondent should be suspended from the practice of law for the period for which he has been suspended during the pendency of this proceeding and until the further order of the court. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.